# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COREY DOUGLAS OGDEN, | * |
| | * |
| | * Civil Case No. GLR-18-1444 |
| v. | * |
| | * |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). Plaintiff Corey Douglas Ogden filed this case involving two issues: (1) an appeal of the denial of his claim for disability benefits by the Social Security Administration ("SSA"); and (2) allegations of employment discrimination in his capacity as a Claims Specialist at the SSA. The SSA has filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that Mr. Ogden failed to exhaust his administrative remedies prior to filing his complaint. [ECF No. 25]. I have reviewed the SSA's motion and Mr. Ogden's responses. [ECF Nos. 27-29]. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons stated below, I recommend that the SSA's Motion to Dismiss be granted in part as to Mr. Ogden's disability benefits appeal.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

**I.      Facts Relevant to Disability Appeal**

On September 30, 2016, Mr. Ogden filed an application for Title II disability benefits with the SSA. [ECF No. 25-2 ¶ 3a]. His claims were denied initially and on reconsideration. *Id.* Mr. Ogden filed a request for a hearing on June 16, 2017. *Id.* About two weeks later, Mr. Ogden filed this civil action in the United States District Court for the Northern District of West Virginia. [ECF No. 25-2 ¶ 3b]. The case was transferred to the District of Maryland on May 17, 2018. [ECF No. 20].

**II.     Standard of Review**

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

**III.    Discussion**

The SSA contends that this Court does not have jurisdiction over Mr. Ogden's claim because he failed to exhaust administrative remedies and is not appealing from a "final decision." *See* [ECF No. 25-1 at 5-6]. Under sections 205(g) and (h) of the Social Security Act,

an individual may only obtain judicial review of the SSA's "final decision" after he has exhausted all administrative remedies. 42 U.S.C. §§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). SSA regulations define a "final decision" of the SSA as an "initial determination" that has been pursued through all steps of the administrative review process. *See* 20 C.F.R. § 404.900(a). The Social Security administrative review process entails four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. *See id.* §§ 404.900(a)(1)–(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. *Id.* § 404.900(a)(5). Here, at the time he filed his Complaint, Mr. Ogden was still awaiting the third step, the Administrative Law Judge hearing and decision. Thus, his administrative remedies had not been exhausted, and this Court lacks jurisdiction to determine Mr. Ogden's disability benefits appeal at this juncture.

However, Mr. Ogden's complaint clearly contains independent allegations pertaining to employment discrimination. The SSA's motion to dismiss does not address those issues. Accordingly, I recommend that the case remain open and proceed to adjudication of Mr. Ogden's employment discrimination claims.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT in part Defendant's Motion to Dismiss, (ECF No. 25), as to Mr. Ogden's disability benefits appeal; and

2. the Court TERMINATE the referral to a Magistrate Judge pursuant to Standing Order 2014-01, and enter a scheduling order for adjudication of Mr. Ogden's employment discrimination claims.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: July 3, 2018 /s/
Stephanie A. Gallagher
United States Magistrate Judge